IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Maceo Sandy Scott, Jr., | C/A No.: 3:19-907-JMC-SVH |
| Plaintiff, | |
| vs. | ORDER AND NOTICE |
| Fifth Judicial Circuit, General Sessions Court; G. Thomas Cooper, Circuit Judge; and L. Casey Manning, Circuit Judge, | |
| Defendants. | |

Maceo Sandy Scott, Jr. ("Plaintiff"), proceeding pro se and in forma pauperis, filed this civil action alleging violations of his constitutional rights by the Fifth Judicial Circuit General Sessions Court and South Carolina Circuit Judges G. Thomas Cooper and L. Casey Manning (collectively "Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Local Civ. Rule 73.02(B)(2)(f) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.   Factual Background

Plaintiff alleges in June 2011, he and his attorney presented before Judge Manning a motion to dismiss Plaintiff's criminal charges of throwing bodily fluids. [ECF No. 1 at 6]. Plaintiff claims Judge Manning forced him to

undergo a mental evaluation out of anger. *Id.* Plaintiff alleges the Fifth Judicial Circuit refused his request for a speedy trial on his charges of burglary, larceny, and throwing bodily fluids. *Id.* Plaintiff sues Judge Cooper for denying his motion to dismiss the charges of throwing bodily fluids. *Id.* at 7. Plaintiff requests monetary damages and dismissing all charges.

II. Discussion

    A. Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon finding the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson*

*v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean the court can ignore a clear failure in the pleading to allege facts setting forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

        1.    Judicial Immunity

It is well-settled that judges have immunity from claims arising out of their judicial actions. *Mireless v. Waco*, 502 U.S. 9, 12 (1991). Judicial immunity is a protection from suit, not just from ultimate assessment of damages, and such immunity is not pierced by allegations of corruption or bad faith. *Id.* at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'") (citation omitted). As Plaintiff's claims against Judges

Manning and Cooper relate to their judicial actions, they are entitled to absolute immunity.

2. Fifth Judicial Circuit is not a "Person"

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff names the "Fifth Judicial Circuit General Session Court." However, this defendant is not a "person" subject to suit under § 1983. A judicial circuit is not considered a legal entity subject to suit. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983); *see also Post v. City of Fort Lauderdale*, 750 F. Supp. 1131 (S.D. Fla. 1990) (dismissing city police department as improper defendant in § 1983 action because not "person" under the statute); *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (dismissing police department as party defendant because it was merely a vehicle through which city government fulfills policing functions). Accordingly, Plaintiff's claims against the Fifth Judicial Circuit is subject to summary dismissal.

### 3. Dismissal of Charges Unavailable

To the extent Plaintiff seeks dismissal of his state charges, his complaint is subject to dismissal based upon the *Younger* doctrine. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. *See also Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43–44 (citation omitted). From *Younger* and its progeny, the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Applying these factors to this case, abstention is appropriate. First, Plaintiff is involved in an ongoing state criminal proceeding. If this court were to make factual findings that Defendants acted improperly in relation to Plaintiff's criminal prosecution, the court would be improperly interfering

5

with a pending criminal state court proceeding. Second, the Supreme Court has noted "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). Finally, Plaintiff has the opportunity to present his constitutional claims in state court during the disposition of his criminal charges. Accordingly, the *Younger* abstention doctrine compels the court to abstain from exercising jurisdiction over Plaintiff's claims.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by April 25, 2019, along with any appropriate service documents. Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the

undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

April 11, 2019
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge